

FILED

Oct 18 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

**FOR PUBLICATION**

ATTORNEYS FOR APPELLANT:

**BRIAN R. GATES**
**TIMOTHY W. WOODS**
Jones Obenchain, LLP
South Bend, Indiana

ATTORNEY FOR APPELLEES:

**ROBERT J. PALMER**
May, Oberfell, Lorber
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| TIMOTHY S. ENDERS and ENDERS & LONGWAY BUILDERS, INC., | ) ) ) | |
| Appellants-Respondents, | ) ) | |
| vs. | ) ) | No. 71A03-1211-PL-494 |
| DEBRA SUE ENDERS as Personal Representative of the Estate of Randall Enders, | ) ) ) ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT, MISHAWAKA DIVISION
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-1208-PL-188

**October 18, 2013**

**OPINION ON REHEARING – FOR PUBLICATION**

**BAKER, Judge**

In the instant case, appellant-defendant Timothy S. Enders appealed the trial court's decision to grant the petition of his now deceased brother, Randall Enders, to judicially dissolve the corporation that the brothers had inherited from their father. The brothers had been deadlocked in the management and corporate affairs for some time.

This Court concluded that the Buy-Sell Agreement that limited the transferability of corporate shares had terminated upon the dissolution of the corporation, which occurred one day before Randall passed away. Slip op. at 10. Additionally, we determined that the trial court had not erred by judicially dissolving the corporation insofar as the "evidence before the trial court established that the corporation was no longer profitable because of Timothy's disability and Randall's terminal illness." Id. at 12.

Now Timothy petitions for rehearing, essentially arguing that this Court determined that the shares of the corporation were not jointly owned with the rights of survivorship at the time of Randall's death. We grant the petition to address his argument.

Neither the trial court nor, consequently, this Court, made any determinations regarding the effect of the shares certificates. Put another way, this Court only made determinations regarding the effect of the trial court's order dissolving the corporation and how this terminated the Buy-Sell Agreement. Slip op. at 10, 12. And because the trial court properly dissolved the corporation, the issue regarding the effect of the shares

certificates should be resolved by the trial court during the winding up of the corporate affairs and distribution of the corporate assets.

Having addressed Timothy's argument on rehearing and finding it unpersuasive, we stand by our previous opinion.

MAY, J., and MATHIAS, J., concur.